Filed 6/21/13  Bucur v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| VIOREL I. BUCUR et al., | |
| Petitioners, | E058450 |
| v. | (Super.Ct.No. RIC1300203) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| FEDEX GROUND PACKAGE SYSTEM, INC., et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Matthew C. Perantoni, Judge.  Denied in part and granted in part, with directions.

Law Offices of George A. Saba and George A. Saba for Petitioners.

No appearance for Respondent.

Littler Mendelson and Margaret H. Gillespie for Real Parties in Interest.

1

In this matter we have reviewed the petition and the opposition filed by real parties in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

DISCUSSION

We agree with real parties in interest that the arbitration provisions of the contract are valid and enforceable against petitioners. However, we do not agree that *every* claim by petitioners against real parties falls within the strictly limited language of the arbitration provision. It is well established, of course, that the scope of an arbitration is limited by the parties' agreement. (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 830.) Here, the arbitration covers only claims directly related to the termination of the hauling agreement. Although the complaint could not be described as a model of pleading, it clearly includes claims that are at best tangential to the termination. For example, petitioners complain that real parties wrongfully allowed Chuck Wasarhelyi (Chuck) access to and the use of a Social Security number belonging to one or more petitioners, and also complain about real parties' alleged interference with petitioners' attempt to transfer the hauling contracts *before* the termination. (We also assume that the parties and the court recognize that the claims against Chuck do not appear to be arbitrable.)

Due to the somewhat confused nature of the pleadings, we have determined that the best resolution of the matter is to grant the petition in part and remand the matter to

2

the trial court with directions to examine the complaint in detail and to craft an order compelling arbitration of only those claims against real parties which arise directly from the termination of petitioners' hauling contracts by real parties.

## DISPOSITION

Accordingly, the petition is denied insofar as the trial court correctly found that the arbitration agreement was valid and enforceable.  The petition is granted as specified above, and respondent court is directed to schedule further proceedings for the determinations required.

Petitioners are directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.  In the interests of justice, the parties shall bear their own costs.  The previously ordered stay is lifted.

The request for judicial notice filed on May 21, 2013, is granted, and the court takes judicial notice of the documents attached to the request as exhibit A.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MCKINSTER
Acting P. J.

We concur:


RICHLI
J.


MILLER
J.

3